FILED

2010 APR 28  PM 4: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
CHARLES J. HARDER (CA Bar No. 184593)
NICHOLAS A. MERKIN (CA Bar No. 219604)
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064
E-Mail:  charder@wrslawyer.com
         nmerkin@wrslawyers.com
Telephone:  (310) 478-4100
Facsimile:  (310) 479-1422

Attorneys for Plaintiffs
GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "Passages Malibu," PASSAGES SILVER STRAND, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> RENAISSANCE RECOVERY SERVICES, LLC, a California limited liability company; NNB RECOVERY SERVICES, LLC, a California limited liability company; and SALVATORE PETRUCCI, an individual, <br><br> Defendants. | CASE NO.: CV10 3198 DMG (JCx) <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** <br><br> 1. **UNFAIR COMPETITION;** <br><br> 2. **UNJUST ENRICHMENT; and** <br><br> 3. **INJURY TO BUSINESS REPUTATION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs GRASSHOPPER HOUSE, LLC and PASSAGES SILVER STRAND, LLC allege:

1. This is a civil action for unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., for unfair business practice arising under California Business and Professions Code § 17200 et seq., for unjust enrichment, and for injury to business reputation.

///

## THE PARTIES

2. Plaintiff GRASSHOPPER HOUSE, LLC ("Grasshopper House") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 6428 Meadows Court, Malibu, California 90265.

3. Plaintiff PASSAGES SILVER STRAND, LLC ("Passages Silver Strand") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 6428 Meadows Court, Malibu, California 90265. (Plaintiffs Grasshopper House and Passages Silver Strand are sometimes collectively referred to herein as "Plaintiffs.")

4. Plaintiffs are informed and believe and based thereon allege that Defendant RENAISSANCE RECOVERY SERVICES, LLC ("Renaissance") is a limited liability company organized and existing under the laws of the State of California, which conducts business within the Central District, the location in which infringing acts have occurred.

5. Plaintiffs are informed and believe and based thereon allege that Defendant NNB RECOVERY SERVICES, LLC ("NNB") is a limited liability company organized and existing under the laws of the State of California, which conducts business within the Central District, the location in which infringing acts have occurred.

6. Plaintiffs are informed and believe and based thereon allege that Defendant SALVATORE PETRUCCI ("Petrucci") is an individual who resides in the State of California and conducts business within the Central District, the location in which infringing acts have occurred. (Defendants Renaissance, NNB, and Petrucci are sometimes collectively referred to herein as "Defendants.")

7. Plaintiffs are informed and believe and based thereon allege that Defendants, and each of them, were and are the agents, employees, partners, joint-venturers, co-conspirators, owners, principals and employers of the remaining

Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, employment, conspiracy, ownership or joint venture. Plaintiffs further are informed and believe and based thereon allege that the acts and conduct herein alleged of each of the Defendants were known to, authorized by and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over Plaintiffs' federal unfair competition claim pursuant to 28 U.S.C. §§ 1331 and 1338.

9. The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants because they conduct business in the State of California and within the Central District.

11. Venue properly lies in the Central District of California pursuant to 28 U.S.C. §1391 and §1400, because the acts complained of herein have been committed and are being committed in this Judicial District, Defendants are subject to personal jurisdiction within this Judicial District, and Plaintiffs have their principal place of business within the Judicial District.

## FACTUAL BACKGROUND

12. Grasshopper House operates a leading alcohol and drug addiction treatment facility, with a national clientele. For many years, Grasshopper House has been doing business as "Passages" and "Passages Malibu," and has used PASSAGES and PASSAGES MALIBU as its trademarks. Grasshopper House uses the domain name PassagesMalibu.com and maintains a website at http://www.passagesmalibu.com.

13. Passages Silver Strand is affiliated with Grasshopper House and uses the trademark PASSAGES under a license agreement. Passages Silver Strand also has

1  begun using the mark PASSAGES VENTURA, and has used the mark PASSAGES
2  SILVER STRAND during relevant periods of infringement described below.

**Overview of Google AdWords Program**

4   14.   Google is a well-known search engine that has emerged as the nationwide leader in search queries by internet users. Yahoo has the second position in search queries. The discussion below describes the Google advertising process. The Yahoo process is similar.

8   15.   In addition to retrieving "hits" based on search terms, Google also features "sponsored links" on search results pages. These "sponsored links" are links that are paid for by users through Google's AdWords advertising program. AdWords allows users to create their own advertisements which will be displayed as "sponsored links" on Google's search results web pages and on other websites that are part of Google's advertising network. Both the content of the AdWords advertisement and the search terms, known as "keywords", which trigger the appearance of the advertisement on the Google search results page and other websites are controlled by the AdWords advertiser.

17   16.   Each advertisement consists of five parts, all of which are created by the AdWords advertiser: (i) a headline of 25 or fewer characters; (ii) a first descriptive lines of 35 or fewer characters; (iii) a second descriptive lines of 35 or fewer characters; (iv) a display URL of 35 or fewer characters; and (iv) a destination URL, which is linked to both the display URL and to the advertisement's headline. These user-supplied components are then incorporated to generate a text advertisement generally of the following form:

24   EXAMPLE HEADLINE
25   Example description line 1
26   Example description line 2
27   www.??.com
28   ///

17. After creating an advertisement, the AdWords user sets up a list of keywords (words or phrases) to be associated with the given advertisement or ad group. Google uses the keywords to determine when the advertisement may appear on Google search results pages, and website pages of a Google search partner or member of the Google content network.

18. "Sponsored" AdWords advertisements appear, among other places, on Google search results pages, either alongside or above the search results, on Gmail webpages, and on the pages of websites that are members of the Google Network.

19. Whether an advertisement shows up on a page, and where that advertisement is positioned in relation to the other advertisements, is determined in large part by the keywords that the advertiser lists to associate with that advertisement.

20. Defendants use various domain names in advertising their alcohol and drug addiction facilities, including without limitation the domain name http://www.maliburecovery.com.

21. Defendants have used, and continue to use Plaintiffs' trademarks, without authorization, in Defendants' internet advertising. Defendants do so in an effort to trade on the goodwill of the Plaintiffs' trademarks and trade name, thereby tricking customers into thinking that Defendants' goods and services are associated with Plaintiffs. Defendants' unauthorized use of Plaintiffs' trademarks and trade name also confuses potential customers searching for Plaintiffs on the internet and misdirects them to Defendants' websites instead of the Plaintiffs' websites.

22. In particular, and among other things, Defendants willfully and purposefully utilize Plaintiffs' trademarks and trade name in Defendants' Google AdWords and Yahoo advertising in such a way as to create a likelihood of confusion among consumers that Defendants' goods and services are associated with Plaintiffs or otherwise lures them to Defendants' websites.

///

23. Defendants have used and continue to use Plaintiffs' trademarks in their internet advertising in an effort to confuse the public.

24. Defendants' websites contain no disclaimers that it is not affiliated or sponsored by Plaintiffs. Defendants' use of Plaintiffs' trademarks and trade name in its internet advertising is an attempt to trade on the goodwill of Plaintiffs' marks and confuse the consumer.

25. Plaintiffs are informed and believe and based thereon allege that Defendants are willfully and purposely using Plaintiffs' trademarks and trade name as a targeted keyword phrase in their internet advertising.

26. Defendants have made, and are continuing to make, false and misleading statements of material fact in their attempt to promote their addiction treatment facilities and related services.

27. Plaintiffs are informed and believe and based thereon allege that the foregoing pronouncements, among others, are false and misleading descriptions of material fact that, individually and collectively, misrepresent the nature, characteristics, qualities and results of the services offered by Defendants.

28. As a competitor, Plaintiffs have been and will continue to be damages by Defendants' false and misleading statements of fact as they improperly divert consumers away from Plaintiffs' rehabilitation services.

## FIRST CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

29. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 28.

30. Defendants have used, and continue to use, without authorization, Plaintiffs' trademarks and trade dress, or confusingly similar names, marks and trade dress or variations thereof, in interstate commerce falsely to represent, describe and designate the origin of and other facts related to goods and services in a manner that

is likely to cause confusion, to cause initial interest confusion, to cause mistake, and/or to deceive as to the affiliation, connection and association of Plaintiffs' trademarks and trade dress and the origin, endorsement, sponsorship, or approval of those goods in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125. Defendants' unauthorized use of Plaintiffs' trademarks and trade dress, or confusingly similar names or variations thereof, are also likely to cause consumer confusion or mistake with respect to sponsorship or endorsement of Defendants' websites and the goods and services offered on such websites, and to divert consumers away from Plaintiffs' website in violation of the Lanham Act.

31. As a result of Defendants' wrongful and unfair acts, Defendants have been unjustly enriched and it is inequitable to allow Defendants to retain this benefit under the circumstances.

32. Plaintiffs have suffered damages as a direct and proximate result of Defendants' use of such false descriptions or representations, including confusion and deception of the trade and purchasing public, incalculable injury to their goodwill and business reputation, and the expenditure of attorneys' fees, for which Plaintiffs have no adequate remedy at law. Plaintiffs will continue to suffer irreparable injury unless this Court enjoins Defendants' acts of infringement.

33. Defendants' acts of infringement, described above, were willful such as to justify the award of treble damages and attorney fees to Plaintiffs.

## SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT

34. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 33.

35. Defendants have used and continue to use Plaintiffs' trademarks and trade dress without authorization in connection with the advertisement, sale and offering for sale of its competitive goods and services.

36. Defendants' wrongful and unauthorized use of the Plaintiffs' trademarks and trade dress is likely to cause confusion as to the source or sponsorship of Defendants' goods and services and further is likely to cause the consumer confusion when searching for Plaintiffs on the internet and to divert the consumers to Defendants' websites and services rather than those of Plaintiffs.

37. As a result of its wrongful acts, as alleged herein, Defendants have been unjustly enriched in an amount to be determined at the time of trial. It is inequitable to allow Defendants to retain this benefit under the circumstances.

## THIRD CAUSE OF ACTION
## INJURY TO BUSINESS REPUTATION

38. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 37.

39. Plaintiffs allege that Defendants' use of Plaintiffs' trademark and trade dress inures and creates a likelihood of injury to Plaintiffs' business reputation because persons encountering Plaintiffs and their products and services will believe that Plaintiffs are affiliated with or related to or has the approval of Defendants, and any adverse reaction by the public to Defendants and the quality of their products and the nature of its business will injure the business reputation of Plaintiffs and the goodwill that they enjoy in connection with its trademark and trade dress.

## DEMAND FOR JURY TRIAL

40. Plaintiffs hereby exercise their right to a jury trial under the Seventh Amendment to the United States Constitution, and pursuant to Fed. R. Civ. Proc., Rule 38, demand a jury trial in accordance therewith.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray to the Court that it grant the following relief:

1. That this Court permanently enjoin Defendants, and their officers, directors, employees, agents, servants, and all persons, firms, corporations, franchisees and associates in concert or participation with Defendants from doing any of the following:

    a. conducting or doing business, in any capacity, using Plaintiffs' trade dress or trademarks, or any confusingly similar marks, trade dress, designations or variations thereof;

    b. using Plaintiffs' trademarks or trade dress, or any confusingly similar marks, trade dress, derivative or form thereof, in connection with the advertisement, sale or offering for sale of goods and services, including the use in any internet advertising programs (including as text, headlines or keywords), promotional materials, and web sites;

    c. falsely or inaccurately describing or designating the origin of or other facts related to any goods or services in any manner that is likely to cause confusion, mistake or deception as to the affiliation, connection and association of Defendant with Plaintiffs;

    d. falsely or inaccurately describing the nature, characteristics, qualities and results of the services offered by Defendants;

    e. engaging in any conduct violative of 15 U.S.C. § 1125(a);

2. That this Court require Defendants to pay Plaintiffs damages in a sum to be proven at trial and including Defendants' profits and the actual damages suffered by Plaintiffs as a result of Defendants' acts;

3. That Defendants pay treble damages because of the willful acts described in this Complaint, all of which were in disregard of Plaintiffs' rights;

4. For restitution and disgorgement of all profits and other benefits unjustly obtained by Defendants as a result of their wrongful actions;

5.   That this Court award Plaintiffs their reasonable attorneys' fees; and

6.   That this Court grant such other and further relief as is just and proper.

DATED: April 28, 2010

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: _____
CHARLES J. HARDER
Attorneys for Plaintiffs
GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

```
CV10- 3198 DMG (JCx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "PASSAGES MALIBU," PASSAGES SILVER STRAND, LLC, a California limited liability Company     PLAINTIFF(S) <br> V. <br><br> RENAISSANCE RECOVERY SERVICES, LLC, a California limited liability company; NNB RECOVERY SERVICES, LLC, a California limited liability company; and SALVATORE PETRUCCI, an individual,     DEFENDANT(S). | **CASE NUMBER** <br><br> CV10 3198 DMG (JCx) <br><br> **SUMMONS** |

TO: DEFENDANT(S): Renaissance Recovery Services, LLC, NNB Recovery Services, LLC and Salvatore Petrucci

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Charles J. Harder__, whose address is __WRSS&R, 11400 W. Olympic Blvd., 9th Fl., Los Angeles, CA 90064__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: APR 28 2010     By: CHRISTOPHER POWERS
                              Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "PASSAGES MALIBU," PASSAGES SILVER S

**DEFENDANTS**

RENAISSANCE RECOVERY SERVICES, LLC, a California limited liability company; NNB RECOVERY SERVICES, LLC, a California

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Charles J. Harder
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California  90064
310/478-4100

**Attorneys (If Known)**

Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No

☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. Section 1125(a) - Federal Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES:
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Act
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Info. Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

CONTRACT:
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

REAL PROPERTY:
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

TORTS — PERSONAL INJURY:
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Fed. Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury-Med Malpractice
- 365 Personal Injury-Product Liability
- 368 Asbestos Personal Injury Product Liability

IMMIGRATION:
- 462 Naturalization Application
- 463 Habeas Corpus-Alien Detainee
- 465 Other Immigration Actions

TORTS — PERSONAL PROPERTY:
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

BANKRUPTCY:
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

CIVIL RIGHTS:
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 American with Disabilities - Employment
- 446 American with Disabilities - Other
- 440 Other Civil Rights

PRISONER PETITIONS:
- 510 Motions to Vacate Sentence Habeas Corpus
- 530 General
- 535 Death Penalty
- 540 Mandamus/Other
- 550 Civil Rights
- 555 Prison Condition

FORFEITURE/PENALTY:
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

LABOR:
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS:
- 820 Copyrights
- 830 Patent
- ☒ 840 Trademark

SOCIAL SECURITY:
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

FEDERAL TAX SUITS:
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS - Third Party 26 USC 7609

CV10 3198

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2
                                       CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ ] No  [X] Yes

If yes, list case number(s): CV 2:09 MC-00374 UA

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
[X] A. Arise from the same or closely related transactions, happenings, or events; or
[X] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ Charles J. Harder_   Date April 28, 2010

CHARLES J. HARDER

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |