JAMES E. DOROSHOW (SBN 112920)
 jdoroshow@foxrothschild.com
AARON CRAIG (SBN 204741)
 acraig@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067-3005
Telephone:  (310) 598-4150
Facsimile:  (310) 556-9828
Attorneys for Defendants/Counterclaimants
RENAISSANCE RECOVERY SERVICES, LLC, NNB RECOVERY SERVICES and SALVATORE PETRUCCI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "PASSAGES MALIBU," PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>RENAISSANCE RECOVERY SERVICES, LLC, a California limited liability company; NNB RECOVERY SERVICES, LLC, a California limited liability company; and SALVATORE PETRUCCI, an individual<br><br>Defendants.<br>_____<br>AND RELATED COUNTER-CLAIM | Case No.: 10-3198 DMG (JCx)<br><br>Hon. Dolly M. Gee<br><br>**DECLARATION OF SALVATORE PETRUCCI IN SUPPORT OF DEFENDANTS' AND COUNTERCLAIMANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL AND HIS FIRM AND FOR ADDITIONAL RELIEF**<br><br>Date: April 4, 2011<br>Time: 9:30 a.m.<br>Location: Courtroom 7<br><br>Complaint Filed:  April 28, 2010<br>Trial Date:  October 4, 2011 |

Case No.:  10-3198 DMG (JCx)        1        DECLARATION OF SALVATORE PETRUCCI

PH1 2752991v1 03/01/11

I, SALVATORE PETRUCCI, declare and state as follows:

1.   I am the Chief Executive Officer and owner of Defendant/Counterclaimant Renaissance Recovery Services, LLC and NNB Recovery Services, LLC, (collectively, "Renaissance").  Except as otherwise stated, I know the following facts based upon personal knowledge, and if called to testify as a witness, I could and would testify competently to such facts.

2.   On July 7, 2009, Plaintiffs, Grasshopper House LLC d/b/a "Passages Malibu" and Passages Silver Strand LLC (collectively, "Grasshopper"), initially brought an action against Renaissance Malibu Foundation (the "Foundation") in the United States District Court of Oregon (Case No. 3:09-CV-778-HA) (the "Oregon Action").  For its part, the Foundation was and is a 501 (c)(3) non-profit organization which is organized under the laws of the State of California.  The Foundation exists solely for the purpose of providing scholarships and other financial services for persons who wish to utilize drug and alcohol rehabilitation services, but cannot afford to do so.

3.   The Foundation did not and never has had any connection with the State of Oregon.

4.   Since the Foundation never conducted any business activity and was not present in Oregon – and because I believed both that the Oregon Court lacked jurisdiction over the Foundation and that Plaintiffs had brought suit against the wrong party -- we did not file a response to the Oregon Complaint.

5.   It is my understanding that Grasshopper subsequently filed a Motion for Entry of Judgment against the Foundation and others.  The Foundation had no prior notice as to Plaintiffs' Motion or the scope or breadth of the proposed Judgment, and therefore did not oppose Plaintiffs' Motion.  Only after the Court entered the Judgment did Plaintiffs purportedly attempt to notify the Foundation, through its registered agent, as to the Judgment sought by Plaintiffs and entered in the Court.

6. In May 2010, approximately six (6) months after the Judgment was entered, it is my understanding that Grasshopper suddenly contended that the Oregon Judgement bound not only the Foundation, but also me, as well as alleged affiliated entities of the Foundation, *i.e.,* Renaissance Recovery Services, LLC and NNB Recovery Services, LLC (collectively, "Renaissance"). However, neither me nor Renaissance: (1) were ever named as Defendants in the Oregon Action, (2) were never served with process in the Oregon Action, (3) were never provided with prior notice of Plaintiffs' Motion for Default Judgment or the proposed Order of Judgment, (4) were never given an opportunity to object to the proposed Judgment, (5) were never served with the Judgment after it was entered, and (6) were never forewarned or told that the injunctive relief sought or obtained by Grasshopper would purportedly apply to them. In addition, since Renaissance and I reside in California and conduct no business and have no other connection with the State of Oregon, it appeared to me that the Order of November 16, 2009 was clearly void as against the Foundation, and against me and Renaissance for lack of jurisdiction.

7. Despite these facts, when Plaintiffs nevertheless filed a Motion for Sanctions with the Court on May 25, 2010, seeking the imposition of sanctions against the Foundation, me and Renaissance based on our alleged violation of the Judgment, I had not choice other than to act. In response to Plaintiffs' Motion for Sanctions, Renaissance and I filed a Motion Vacate the Default Judgment and Dismiss for Lack of Personal Jurisdiction that was prepared by our counsel, James Doroshow and his firm, Fox Rothschild.

8. I have been informed that Plaintiffs have served subpoenas and notices of deposition on former employees of Renaissance including Betsy Starman (former office manager), Leo Booth (former executive director), Dr. Daniel Gatlin (former clinical and executive director), Chris Jaros (former consultant), and Marcelo Barros (former partner). Some of these individuals may have negative feelings about Renaissance due to the manner in which the employment relationships ended.

1  David Kaiser is one of the very few people in the world who is privy to that
2  information.
3  　　I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing is true and correct.
5  　　Executed in Los Angeles, California on March 1, 2011.

　　　　　　　　　　　　　　　　　　By:_____/S/_____
　　　　　　　　　　　　　　　　　　　　Salvatore Petrucci